UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK LEE TAYLOR and PAMELA TAYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>JEPPESEN DATAPLAN, INC., JEPPERSEN SANDERSON, INC., and DOES 1-100,<br><br>Defendants. | Case No:  C 10-1920 SBA<br><br>Related to:<br>C 09-4947 SBA<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>ECF No. 11 |

The parties are presently before the Court on Plaintiffs' Motion to Remand. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.     BACKGROUND**

The instant action is one of two personal injury lawsuits filed by Plaintiffs Mark Lee Taylor and his wife, Pamela Taylor, arising from an incident which occurred on January 15, 2008. On that date, Mr. Taylor, a pilot with United Airlines, allegedly "sustained severe emotional distress when the Boeing 747-400 plane he was piloting almost crashed in San Francisco, California, because the plane's flight management computer displayed inaccurate approach information." Compl. ¶ 1, ECF No. 1.

On August 25, 2009, Plaintiffs filed their first action in San Francisco County Superior Court solely against defendant Honeywell International, Inc. ("Honeywell"), which allegedly manufactured the flight computer. See Taylor v. Honeywell Corp., San Francisco County Super. Ct., No. 09-CGC-491836, filed Aug. 25, 2009. The complaint

alleged causes of action for strict products liability, negligence and loss of consortium against Honeywell.  On October 16, 2009, Honeywell removed the action on the basis of diversity jurisdiction.  28 U.S.C. § 1332.

On May 10, 2010, the Court granted Plaintiffs' motion for leave to amend under 28 U.S.C. § 1447(e) to join Jeppesen DataPlan, Inc. ("DataPlan") and Jeppesen Sanderson, Inc. ("Sanderson"), the entities that allegedly provided the flight data, as additional defendants.  No. C 09-4947 SBA, ECF No. 1.  Because DataPlan is a California citizen whose presence destroyed diversity, the Court remanded the action to state court.  See Order Granting Pls.' Mot. for Leave to Amend and Order for Remand, C 09-4947 SBA, ECF No. 32.  However, Plaintiffs apparently never joined either DataPlan or Sanderson, and as such, the action has been proceeding solely as to Honeywell.  See Parties' Jt. Case Mgt. Stmt. at 4, ECF No. 27.

In the meantime, while the Honeywell action was still pending in this Court, Plaintiffs filed a second lawsuit in San Francisco County Superior Court against DataPlan and Sanderson.  See Taylor v. Jessesen Dataplan, Inc., San Francisco County Super. Ct., No. CGC-10-495884, filed January 8, 2010.  Like the prior action, the new complaint alleges causes of action for strict products liability, negligence and loss of consortium.  On May 4, 2010, Defendants removed the action to this court on the basis of diversity jurisdiction.  Although Dataplan, like Plaintiffs, is a California resident, Defendants contend that Dataplan was fraudulently joined, and therefore, its citizenship should be disregarded for jurisdictional purposes.  Plaintiffs contend that they have viable claims against Dataplan and now move to remand the action under 28 U.S.C. § 1447.

## II.   LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant if the federal court has original subject matter jurisdiction over the suit.  28 U.S.C. § 1441(a); Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  Under section 1441(b), an action may be removed if the complaint alleges "a claim or right arising under the Constitution, treaties or laws of the United States …."  Alternatively, an action may be removed only "if none of the

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments[.]" Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). As such, any doubts regarding the propriety of the removal favor remanding a case. See Gaus, 980 F.2d at 566.

### III.   DISCUSSION

#### A.   FRAUDULENT JOINDER

Removal of a civil action that alleges claims against a non-diverse defendant is proper where it appears that such defendant has been fraudulently joined. Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). A party is fraudulently joined where there is "no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." Plute v. Roadway Package Sys., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[B]ecause the expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants, the standard is necessarily similar to that of motions to dismiss, with two exceptions: (1) this Court may pierce the pleadings to make factual determinations, and (2) the Court may not make final determinations with regard to questions of state law that are not well-settled." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("Where fraudulent joinder is an

issue . . . '[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'").[1]

**B.   CONTENTIONS**

Plaintiffs' claims against Dataplan rest upon the allegations that it was involved in providing faulty flight data used in "the flight management computer [that] displayed inaccurate approach information." Compl. ¶¶ 1, 10-17.  In support of their contention that Dataplan has no connection to the flight management computer or supplied any of its component parts, Defendants proffer the declaration of Robert W. Overby, who has been the Managing Director of Dataplan for thirteen years. Overby Decl. ¶ 3, ECF No. 21; see also ECF No. 4-1.[2]  Mr. Overby confirms that "Dataplan does not provide any navigational data, charts, approach information, or any other information for use in commercial aircraft, such as a Board 747-700, or by commercial airlines." Id.  In fact, Dataplan "has nothing whatever to do with producing the kind of navigation data used in flight management computers." Id. ¶ 5.  Because the undisputed evidence shows that Dataplan could not have provided any of the data allegedly used by the Honeywell flight management computer, Plaintiffs have no basis upon which to pursue their personal injury claims against Dataplan. See Vu v. Ortho-McNeil Pharmaceutical, Inc., 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (finding that non-diverse defendant was fraudulently joined in a products liability action where it did not market or sell the product at issue to plaintiffs).

Plaintiffs argue that the Court should disregard Mr. Overby's declaration on the ground that he lacks personal knowledge to render the factual statements contained in his declaration. Pls.' Reply at 2-3. ECF No. 22.  In particular, Plaintiffs complain that Mr.

---

[1] As a matter of general principle, however, there is a presumption against fraudulent joinder. Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Accordingly, the burden of proving fraudulent joinder is a "heavy one." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983); Alderman v. Pitney Bowes Mgmt. Servs., 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002).

[2] Defendants admit that Jeppesen provides flight management data used in Honeywell's system, but denies that any malfunction by Honeywell's computer was caused by faulty data.  Parties' Jt. Case Mgt. Stmt. at 2-3, ECF No. 27.

Overby has not provided sufficient information regarding his role as a Managing Director for the Court to ascertain the foundation of his statements.  Id.  Federal Rule of Evidence 602 states, in relevant part, that:  "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."  Here, Mr. Overby states that, as DataPlan's Managing Director, he has responsibility for the overall management of Dataplan and has knowledge of what business activities the company engages in, and those which it does not.  Overby Decl. ¶ 3.  Despite Plaintiffs' vague and unsupported assertions to the contrary, the Court finds that Mr. Overby's declaration contains sufficient factual information to establish his competence to state whether or not Dataplan provided any of the information potentially utilized by the flight management computer which Plaintiffs allege provided faulty information.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion to Remand is DENIED.

2. The parties shall appear for a telephonic Case Management Conference on **October 28, 2010, at 3:15 p.m.**  The parties shall meet and confer prior to the conference and prepare a joint Case Management Conference Statement, which shall be filed no later than five (5) days prior to the Case Management Conference.  The statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3. This Order terminates Docket 11.

IT IS SO ORDERED.

Dated: September 27, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge